UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

TASHA M. LIPSEY                                                                                    PLAINTIFF

vs.                                                                                    Civil No. 3:24-cv-201-GHD-RP

THE UNIVERSITY OF MISSISSIPPI and
THE DEPARTMENT OF COMMUNICATIONS                                          DEFENDANTS

### MEMORANDUM OPINION

Presently before this Court are Defendants the University of Mississippi and its Department of Communication Sciences and Disorders's (denoted incorrectly in the Complaint [1] as Department of Communications) ("Defendants") Motion to Dismiss. [7]. Plaintiff Tasha Lipsey ("Plaintiff") filed a Complaint against the Defendants alleging employment discrimination based on race and color; retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"); and defamation. [1]. For the reasons set forth below, the Court finds Defendants' Motion should be granted and Plaintiff's claims dismissed.

### *I.     Background*

Plaintiff was employed at the University of Mississippi in its Department of Communication Sciences and Disorders office as the Lead Clinical Records Coordinator. [1; 7-2]. She alleges her employer "subjected [her] to racial discrimination and unlawful treatment" until her termination on November 6, 2023. [1; 7-2]. In support Plaintiff claims she was not properly trained for her position, "faced harsher punishment" than coworkers of other races, was falsely accused, and "received negative performance evaluations" as retaliation for filing internal complaints with human resources. [1; 7-2].

Plaintiff filed her discrimination charge with the Equal Employment Opportunity Commission ("the EEOC") on August 8, 2023, and then amended that charge on November 8,

1

2023, to include her termination. [7-2]. On March 21, 2024, the EEOC issued Plaintiff's Right to Sue Letter ("the letter"), posting it on the EEOC's online portal and sending it to Plaintiff via mail. [1-1]. Plaintiff wrote in the margins of her Complaint, "The EEOC's portal read that they actually mailed the notice on 3/29/2024." She also noted, "[She] received the notice around 4/15/2024" but with some difficulty because the EEOC failed to change her email address making her "unable to access the portal."[1] [1]. On July 11, 2024, Plaintiff filed her Complaint as a pro se litigant. [1]. Defendants now bring their Motion to Dismiss arguing "Plaintiff failed to timely file her federal claims, and her Complaint fails to state a claim for defamation." [8]. Notably, Plaintiff has not opposed Defendants' Motion to Dismiss.

## II. *Standard of Review*

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to it. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir.

---

[1] It is unclear to the Court from the Complaint's language whether Plaintiff meant she gained access to the portal or received the mailed notice "around" April 15, 2024.

2

2013) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Houston Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

### III. Discussion and Analysis

Plaintiff brings federal claims and a state defamation claim. The Court can address the federal claims without separate analyses, so they will be discussed as one. The state defamation claim will follow.

### A. Federal Claims

Plaintiff alleges employment discrimination based on race and color and retaliation under Title VII. [1]. A plaintiff must first exhaust her administrative remedies to bring a valid Title VII claim; that is, she must file a charge with the EEOC "within one hundred and eighty days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e). Once the plaintiff receives a right-to-sue letter from the EEOC, she has ninety days to commence an action in federal court. 42 U.S.C. § 2000e-5(f)(1); *Nilsen v. City of Moss Point, Miss.*, 621 F.2d 117, 120 (5th Cir. 1980). The "ninety-day limitation period is strictly construed," but it "is also subject to equitable doctrines such as tolling." *Strunk v. Methanex USA, L.L.C.*, No. 23-30685, 2024 WL 366173 (5th Cir. Jan. 31, 2024); *Ukpong v. Int'l Leadership of Texas*, No. 21-11111, 2022 WL 6935140, at *3 (5th Cir. Oct. 12, 2022).

3

This tolling however "applies only in 'rare and exceptional circumstances.'" *Strunk* at *2 (quoting *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010)). The burden to show entitlement to tolling rests with the plaintiff, and she is "entitled to equitable tolling only if she establishes (1) that she continually and 'diligently' pursued her rights, and (2) 'that some extraordinary circumstances stood in [her] way and prevented timely filing.'" *Id.* (quoting *Menominee Indian Tribe of Wis. v. U.S.*, 577 U.S. 250, 255 (2016); citing *Granger v. Aaron's Inc.*, 636 F.3d 708, 712 (5th Cir. 2011)). Plaintiff has not met this burden.

Plaintiff filed her complaint on July 11, 2024, one hundred and thirteen days after the EEOC letter was posted on the portal and one hundred and four days after the EEOC's letter was was mailed, well beyond the ninety-day deadline. It is unclear from Plaintiff's Complaint whether she received the mailed copy of the letter or if she was able to access the portal on April 15, 2024. "If the parties dispute the date of receipt [or] if the date is unknown . . . [courts] presume that the plaintiff received the EEOC's letter, at most, seven days after it was mailed." *Wright v. Arlington Indep. School Dist.*, 834 Fed. App'x 897, 901 (5th Cir. 2020); see also *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010). Because it is unclear from Plaintiff's Complaint when she received the mailed letter, the Court assumes receipt on April 5, 2024. As a result of that presumption, her July 11 filing was seven days beyond the ninety-day deadline.

Turning now to the portal access issue. According to Plaintiff, she requested the EEOC change her email address before the Right to Sue Letter was issued and its failure to do so prevented her portal access. [1]. Plaintiff's attempted justification for her late filing is unpersuasive. In *Jones v. City of Houston*, the Fifth Circuit found "tolling is [typically] only appropriate in such cases 'when an employee seeks information from the EEOC, and the organization gives the individual *incorrect information* that leads the individual to file an

4

untimely charge." 756 Fed. App'x 341, 348 (5th Cir. 2018) (quoting *Manning v. Chevron Chem. Co.*, LLC, 332 F.3d 874, 881 (5th Cir. 2003)) (emphasis original). Plaintiff does not contend the EEOC provided incorrect information nor is there evidence to support such a finding. Therefore, no tolling applies, and the Court finds Plaintiff's Title VII claims are untimely.

### B. Defamation Claim

Plaintiff next brings a state defamation claim. Plaintiff's defamation claim fails because "a governmental entity shall not be liable . . . for any conduct of its employee if the employee's conduct constituted . . . defamation." Miss. Code Ann. § 11-46-5(2). The statute protects the University of Mississippi and its supporting offices as governmental. Further, Plaintiff fails to plead or provide examples of Defendants' defamatory statements with the particularity Mississippi law requires. *Chalk v. Bertholf*, 980 So.2d 290, 296 (Miss. Ct. App. 2007) (quoting *Chatham v. Gulf Pub. Co.*, 502 So.2d 647, 650 (Miss. 1987) ("defamation must be clear and unmistakable from the *words themselves*"). The result of these findings is the defamation claim's dismissal.

### *IV.    Conclusion*

Plaintiff's claims are neither facially plausible nor above the speculative level required under Rule 12(b)(6) to survive a motion to dismiss. The Court therefore finds Defendants' Motion to Dismiss should be granted and Plaintiff's claims dismissed.

An order in accordance with this opinion shall issue this day.

THIS the __15th__ day of October, 2024.

SENIOR U.S. DISTRICT JUDGE